IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBERT L. BEAN, 88-5318, and  ) | |
| FAELISHA MARTIN,              ) | |
|     Plaintiffs,      ) | |
|               ) | |
| v.                            ) | No. 3:06-CV-1472-G |
|               ) | ECF |
| JOE L. BLAIR, ET AL.,         ) | |
|     Defendants.      ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I.  Parties**

Plaintiff Bean is an inmate in the Kaufman County Law Enforcement Center. Plaintiff Martin is a non-prisoner. Plaintiffs bring this suit pursuant to 42 U.S.C. § 1983. Plaintiffs are proceeding pro se, and the Court has granted them permission to proceed *in forma pauperis*. Defendants are: (1) police officer Joe Blair; (2) police officer J. Mack; (3) defense attorney Michael Harris; and (4) assistant district attorney Brandi Fernandez.

**II.  Background**

Plaintiff Bean states he was visiting a house in Terrell, Texas, when Defendant police officers Blair and Mack entered with a search warrant. As a result of the search, Plaintiff Bean was arrested and charged with a narcotics offense and a weapons offense. He states the police

officers also confiscated his money. Plaintiff Bean was later convicted of both the narcotics and weapon charges.

Plaintiff Bean alleges that Defendants Mack and Blair falsified their police reports, offered perjured testimony at trial and slandered Plaintiff. Plaintiff Bean states his defense attorney failed to subpoena witnesses and was otherwise ineffective. He claims that the assistant district attorney Brandi Fernandez unlawfully prosecuted him because the search and search warrant were improper, and that Defendant Fernandez did not properly respond to his claims regarding the confiscated money. Plaintiff Bean also states the evidence was insufficient to support the conviction

Plaintiff Bean seeks money damages and requests that the Defendant police officers be "cited" for their actions.

Plaintiff Faeleshia Martin is named on the original complaint. The address provided for Plaintiff Martin, however, was Plaintiff Bean's prisoner address. On October 3, 2006, the Court ordered Plaintiff Faelesiha Martin to provide her current address. The Court also ordered both Plaintiffs to file an amended complaint setting forth their individual claims. Plaintiff Martin failed to respond to the Court's order.

### III. Screening

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2)

seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B).

Both sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## IV.  Discussion

**1.     Defense Attorney Harris**

To obtain relief under 42 U.S.C. § 1983, a plaintiff must prove two elements: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) a deprivation of that right by a defendant acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). The Fourteenth Amendment of the Constitution provides in part that "[n]o State shall . . . deprive any person of life, liberty, or property without due process of law." The Fourteenth Amendment prohibits only that action which may be fairly attributed to the States. *Shelley v. Kramer*, 334 U.S. 1, 13 (1948). The Fourteenth Amendment does not shield purely private conduct, however discriminatory or wrongful. *Id.; see also Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 349 (1974); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 169 (1970).

Plaintiff Bean has failed to show his attorney acted under color of state law. Attorneys do not act under color of state law when they perform a lawyer's traditional function as defense counsel in a criminal proceeding. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Accordingly, Plaintiff Bean's civil rights claims against Defendant Harris are frivolous and

should be dismissed.

**2.     Prosecutorial Immunity**

Plaintiff Bean alleges that Defendant Fernandez unlawfully prosecuted him.  Plaintiff's claims against Fernandez are barred by immunity.  Prosecutors have absolute immunity to initiate and pursue criminal prosecutions.  *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).  These claims should therefore be dismissed.

**3.     Heck v. Humprey**

In *Heck v. Humprey*, 512 U.S. 477 (1994), the Supreme Court held that a § 1983 claim attacking the constitutionality of a conviction or imprisonment does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *Heck*, 512 U.S. at 486-87.  *Heck* also bars damage claims, which, if successful, would necessarily imply the invalidity of a conviction or pending charge.  *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996).

In this case, Plaintiff Bean's conviction has not been declared invalid.  (See Magistrate Judge's Questionnaire, Answer No. 2).  Plaintiff Bean's claims for damages are clearly connected to the legality of his conviction.  A finding in favor of Plaintiff Bean would imply the invalidity of the conviction.  Since the conviction has not been dismissed, expunged, or otherwise invalidated, no § 1983 cause of action has yet accrued and these claims should be dismissed with prejudice until the *Heck* conditions are met.  *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (stating dismissal should be with prejudice until *Heck* conditions are met).

order.

**4.      Plaintiff Faelisha Martin**

Plaintiff Martin has failed to comply with the Court's October 3, 2006, order directing her to provide a current address and file an amended complaint setting forth her claims. Plaintiff Martin's claims should therefore be dismissed without prejudice for failure to comply with the Court's Order.

**RECOMMENDATION**

The Court recommends that: (1) Plaintiff Bean's claims against Defendants Harris and Fernandez be dismissed with prejudice as frivolous; (2) Plaintiff Bean's claims against Defendants Blair and Mack be dismissed with prejudice until the *Heck* conditions are met; and (3) Plaintiff Martin's claims be dismissed without prejudice.

Signed this 12th day of January, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on Plaintiff by mailing a copy to him by United States Mail.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a de novo determination by the District Court.  See Thomas v. Arn, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -6-